IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 1:08cr40-SPM

WILLIAM SAMUEL YEARTY
  a/k/a Sammy Yearty
ROBERT ANTHONY PARKER
  a/k/a Tony Parker,
and
PAMELA WILLIAMS BLAIR,

      Defendants.
_____/

## ORDER GRANTING MOTION TO SEVER

This cause comes before the Court on Defendant Yearty's Motion for Severance and/or Relief from Prejudicial Joinder. Doc. 69-2. The Government has filed a response in opposition. Doc. 70. For the following reasons, the motion to sever will be granted.

Multiple defendants may be charged in a single indictment if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Defendants who are properly joined in a single indictment are tried together unless the joinder "appears to prejudice a defendant or the government." Fed. R.

Crim. P. 14(a).  When defendants are improperly joined, however, a severance is the appropriate remedy.  United States v. Goodman, 285 F.2d 378, 379 (5th Cir. 1960).

Although misjoinder is subject to harmless error appellate review when raised as a ground for new trial, United States v. Weaver, 905 F.2d 1466, 1477 (11th Cir. 1990), it is not appropriate for a trial court to deny a severance when it finds there is a misjoinder.  "A defendant who has been misjoined with others within the meaning of Rule 8(b) is entitled to severance as a matter of law, and the trial court's discretion never enters the picture."  United States v. McLaurin, 557 F.2d 1064, 1075 n.14 (5th Cir. 1977).

The propriety of joinder under Rule 8(b) is a question of law that is determined by examining the allegations of the indictment.  United States v. Weaver, 905 F.2d 1466, 1477 (1990). The focus is on whether the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  The fact that defendants commit crimes that are similar in nature is not sufficient to warrant joinder.  Weaver, 905 F.2d at 1477.  To meet the same series requirement, there must be a common plan that unites the defendants or a substantial overlap of the facts necessary to prove the guilt of the defendants.  Id.

When multiple defendants are charged with a single conspiracy, joinder of

the defendants on the conspiracy charge and any substantive counts arising therefrom is appropriate.  Id. at 1476.  Joinder is not appropriate, however, when defendants "commit separate acts which involve them in separate offenses with no common aim . . . ."  Id. quoting United States v. Nettles, 570 F.2d 547, 551 (5th Cir. 1978).

In this case, Yearty acknowledges that he is properly joined with co-defendant Parker, since they are both charged in Count One of the indictment with conspiracy to commit offenses against the United States, namely bribery under 18 U.S.C. § 666(a)(1)(B).  It is alleged that Yearty and Parker, as County Commissioners for Levy County, received monies and other inducements in exchange for their agreement to approve developments within Levy County and influence other County Commissioners to approve.  Yearty and Parker are also charged in Count Two with a substantive count of bribery, and Yearty is charged in Count Three with making false statements to a federal agency concerning the bribery, 18 U.S.C. § 1001(a).  Joinder is appropriate because the offenses charged against Yearty and Parker arise from an alleged common plan that led to a series of acts or transactions that make up the substantive offenses.

Another defendant, Blair, is charged with Yearty and Parker in the same indictment.  Yearty is challenging his joinder with Blair.  The indictment does not allege that Blair is part of the conspiracy.  Instead, Blair is charged in Count Four

with making false statements to a federal agency concerning her receipt of monies and things of value. Blair is not a County Commissioner. There is no allegation that she acted in concert with Yearty and Parker or that they even had knowledge of her activities.

The Government argues that the defendants were properly joined because Blair, while not a County Commissioner, is involved with the Levy County government. The Government also states that the defendants all received bribes from an individual representing himself to be "Sean Michaels." These commonalities are not sufficient to group Blair's offense and the offenses charged against Yearty and Parker into the same series of acts or transactions.

Although Blair's offense is similar in that it involves bribery and false statements, there is no indication that Yearty and Parker were even aware of Blair's activities or that there was any plan among the three. Furthermore, while "Sean Michaels" will likely testify against Blair, Yearty, and Parker, the alleged bribery transactions occurred at separate times and places. Thus the testimony necessary to prove the offense against Blair will be different from the testimony necessary to prove the offenses against Yearty and Parker.

The offense alleged against Blair are not part of the same series of acts or transactions constituting the offenses alleged against Yearty and Parker. Blair's offense is similar, but it involves separate acts and a separate offense. There is

CASE NO.: 1:08cr40-SPM

no common plan or substantial overlap of evidence to justify joinder under Rule 8(b). Accordingly, it is

ORDERED AND ADJUDGED:

1. Yearty's Motion fo Severance and/or Relief From Prejudicial Joinder (doc. 69) is granted.

2. Yearty and Parker shall be tried separately from Blair.

3. Trial remains scheduled for June 1, 2009.

DONE AND ORDERED this 8th day of May, 2009.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

CASE NO.: 1:08cr40-SPM