IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:08cr40-SPM

WILLIAM SAMUEL YEARTY
  a/k/a Sammy Yearty,

      Defendant.
_____/

**ORDER DENYING GOVERNMENT'S MOTION IN LIMINE
ON ENTRAPMENT DEFENSE**

This cause comes before the Court on the Government's Motion in Limine on Entrapment Defense (doc. 73) as to Defendant William Samuel Yearty. The Government requests that the Court prohibit Defendant from raising or mentioning the defense of entrapment, including during opening statement, until he has submitted sufficient evidence tending to prove entrapment.

In support of this motion, the Government relies primarily on two cases, United States v. Ryan, 289 F.3d 1339 (11th Cir. 2002) and United States v. Alston, 895 F.2d 1362 (11th Cir. 1990). In each of these cases, the Court of Appeals denied the defendant's challenge that the trial court abused its discretion by refusing to instruct the jury on the entrapment defense. "Before an entrapment

defense may be presented to the jury, an evidentiary foundation for a valid entrapment defense must be present. In essence, this means that the trial court must determine whether a juror could entertain a reasonable doubt about whether the defendant was entrapped. . . . The determination of whether a sufficient evidentiary foundation exists in the record which could support a jury's acceptance of an entrapment defense is properly a question for the trial judge[.]" Alston, 895 F.2d at 1367-68 (internal quotations omitted).

However, while the Court may properly refuse to instruct the jury at the close of evidence regarding the defense of entrapment, where it finds that the defendant has failed to produce sufficient evidence to raise a "reasonable doubt about whether the defendant was entrapped[,]" Ryan, 289 F.3d at 1343, this does not require that at all times prior to satisfying the evidentiary threshold at which the defendant would be entitled to an entrapment instruction, the defendant is foreclosed from even mentioning the issue of entrapment. Indeed, even at the close of evidence, the defendant's "burden is light because a defendant is generally entitled to put a recognized defense to the jury where sufficient evidence exists for a reasonable jury to find in her favor." Id. at 1344. To foreclose the Defendants from mentioning the issue of entrapment during the opening statement would be to transform a light evidentiary burden for entitlement to a jury instruction at the close of evidence into a significant impairment in the

presentation of one's defense.

For the foregoing reasons, it is ORDERED AND ADJUDGED that the Motions in Limine (docs 73) is denied.

DONE AND ORDERED this 28th day of October, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge