IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 1:08cr40-SPM

WILLIAM SAMUEL YEARTY,
  a/k/a Sammy Yearty,

                  Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

This cause comes before the Court on the Motion to Dismiss Count III of
the Superseding Indictment (doc. 118) filed by Defendant Yearty.  Defendant
Yearty filed a memorandum (doc. 119) and supplemental memorandum (doc.
122) in support of the motion.  The Government filed a response in opposition
(doc. 121).  Each side presented oral argument on November 13, 2009.

A court may dismiss an indictment under Federal Rule of Criminal
Procedure 12(b) for a legal infirmity, but cannot base a dismissal on factual
determinations that must be developed at trial.  United States v. Torkington, 812,
F2d 1347, 1354 (11th Cir. 2006).  The Court's review is limited to the face of the
indictment and the language used to charge the crime.  United States v. Sharpe,
438 F.3d 1257, 1263 (11th Cir. 2006).  So long as the indictment is sufficiently

specific to inform the defendant of the charged against him and the charging

language sets forth the essential elements of the crime, the indictment will stand.

Id.

Defendant Yearty argues that the language in Count III of the indictment is

insufficient to charge him with violating Title 18, United States Code, Section

1001, because the alleged false statement, "that he never received monies or any

thing of value from an individual representing himself to be Sean Michaels," doc.

31 at 5, covers gifts that are allowable under state law and thus not within the

jurisdiction of the Federal Bureau of Investigation.  But Defendant Yearty's

statement also covers the New York City trip and $10,000 that Defendant Yearty

is accused of conspiring to take in violation of Title 18, United States Code,

Section 666(a)(1)(B).  That mater is within the jurisdiction of the Federal Bureau of

Investigation.

Defendant Yearty also argues that the actual question asked of him was so

vague that the answer he gave could not be material.  This argument goes

beyond the face of the indictment and involves factual determinations that must

be developed at trial.  Defendant Yearty will have the opportunity to show at trial

that the question asked was so vague that persons of ordinary intellect could not

agree upon what was being asked.  United States v. Swindall, 971 F.2d 1531,

1553 (11th Cir. 1992). "'[T]he defendant's understanding of a question is a matter

for the jury to decide.'"  Id. at 1553 (quoting United States v. Bell, 623 F.2d 1132,

1136 (5th Cir,. 1980). "If the response given was false as the defendant understood the question, his conviction is not invalidated by the fact that his answer to the question might generate a number of different interpretations." Id. (quoting United States v. Lighte, 782 F.2d 367, 375 (2d Cir. 1986).

Based solely on the language in the indictment, the elements of the crime are sufficiently alleged and Defendant Yearty had notice of the crime charged. Defendant Yearty has not asserted a valid legal basis for dismissing the indictment. Accordingly, it is

ORDERED AND ADJUDGED: the Motion to Dismiss Count III of the Superseding Indictment (doc. 118) is denied.

DONE AND ORDERED this 25th day of November, 2009.


_s/ Stephan P. Mickle_

Stephan P. Mickle
Chief United States District Judge